UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOROTHY R.,

                         Plaintiff,                Case # 21-cv-06174-FPG

v.                                                    DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,
                         Defendant.
_____

## INTRODUCTION

On November 23, 2018, Plaintiff Dorothy R. protectively applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"). Tr. 15. The Social Security Administration (the "SSA") denied her claim and Plaintiff appeared and testified at a hearing before Administrative Law Judge Jeremy Eldred on May 8, 2020.  Tr. 112. On May 18, 2020, the ALJ issued an unfavorable decision. Tr. 12-31. The Appeals Council denied Plaintiff's request for review on January 15, 2021, making the ALJ's decision the final decision of the SSA.  Tr. 1-6. Plaintiff then appealed to this Court.  ECF No. 1.

Plaintiff and the Commissioner both moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  ECF Nos. 8, 10.  For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the ALJ's decision is REMANDED to the Commissioner for further administrative proceedings.

## LEGAL STANDARD

### I.      District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine de novo whether [the claimant] is disabled."  *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted).

1

The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

### II.     Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. See *Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

## DISCUSSION

### I.     The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 31, 2019, the alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff has several severe impairments, including major depression with psychotic features, bipolar disorder and anxiety disorder. Tr. 17. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the Listings. Tr. 18. The ALJ determined that Plaintiff maintained the RFC to perform "a full range of work" except

"the claimant could understand, remember, and carry out only simple and routine tasks; could concentrate, persist, and maintain pace in a work setting to the extent necessary to perform simple and routine tasks; could interact no more than occasionally with supervisors, co-workers, or the public; and could appropriately deal with ordinary changes in an unskilled occupation that involved only simple and routine tasks." Tr. 20.  In formulating the RFC, the ALJ considered the symptoms that Plaintiff alleged and their consistency with objective medical evidence. The ALJ also evaluated the intensity, persistence and limiting effects of Plaintiff's symptoms.

At step four, the ALJ concluded that Plaintiff was able to perform her past relevant work as a stamping machine operator. Tr. 24. At step five, the ALJ concluded that there were jobs that existed in the economy that Plaintiff could perform.  Tr. 24-25.  As such, the ALJ found that Plaintiff was not disabled, as defined under the regulations.

**II.     Analysis**

Plaintiff argues that the ALJ committed reversible error when he evaluated the opinion evidence relating to Plaintiff's mental impairments. Specifically, Plaintiff argues that the ALJ found the Consultative Examiner's ("CE") opinion to be persuasive but adopted only portions of the CE's medical opinion and rejected others without explanation. The Court agrees that this is reversible error.

On January 16, 2019, CE, Thomas Woodhouse, Psy.D., examined Plaintiff and provided a medical source statement:

> Mild limitation understanding, remembering, and applying simple directions and instructions; Moderate limitation understanding, remembering, and applying complex directions and instructions; Moderate to marked limitation using reason and judgment to make work-related decisions; Moderate limitation interacting adequately with supervisors, coworkers, and the public; Moderate limitation sustaining concentration and performing a task at a consistent pace; Moderate limitation in her ability to sustain an ordinary routine and regular attendance at work; Moderate limitation regulating emotion, controlling behavior, and maintaining well-being; and Moderate limitation maintaining personal hygiene and appropriate attire.

Tr. 671-72.

The ALJ found the CE's opinion "persuasive" and incorporated many of the above limitations into the Plaintiff's RFC, however, the ALJ did not account for the "moderate limitation regulating emotion, controlling behavior, and maintaining well-being." Tr. 20, 24. Nor did the ALJ account for Plaintiff's restrictions in sustaining regular attendance, maintaining personal hygiene and appropriate attire. *See id.* Therefore, it is unclear from the ALJ's opinion whether this limitation was even considered.

When making an RFC assessment, an ALJ must consider all the relevant evidence, including medical opinions and facts, claimant's physical and mental abilities, non-severe impairments, and subjective evidence of symptoms that could interfere with work activities on a regular and continuing basis. *See* 20 C.F.R. §§ 404.1545(a)-(e); *see also Ferraris v. Heckler*, 728 F.2d 582, 585 (2d Cir. 1984) ("In determining the claimant's physical ability, or residual work capacity, the Secretary must consider objective medical facts, diagnoses and medical opinions based on such facts, and subjective evidence of pain or disability testified to by the claimant or others."). "[An] ALJ must build an accurate and logical bridge from the evidence to [his] conclusion to enable a meaningful review." *Pamela P. v. Saul*, No. 3:19-CV-575, 2020 WL 2561106, at *4 (N.D.N.Y. May 20, 2020) (internal quotations and citations omitted). "Only when the ALJ does so is the Court in a position to conduct meaningful review as to whether the ALJ's analysis and resulting RFC are supported by substantial evidence.'" *Id.* (citing *Muldowney v. Comm'r of Soc. Sec.*, No. 5:17-CV-0352, 2018 WL 2417837, at *8 (N.D.N.Y. May 29, 2018)).

The Court finds that the ALJ's failure to account for certain limitations that the CE included in his medical source statement—including limitations regarding Plaintiff's inability to regulate her emotions, sustain a regular work routine, and attend work regularly—constitutes a failure to "build an accurate and logical bridge from the evidence to [his] conclusion." *Pamela P.*, 2020 WL

4

2561106, at *4. Because of this failure, this Court's ability to conduct a meaningful review of the ALJ's decision has been frustrated. *See Rivera v. Comm'r of Soc. Sec.*, No. 21-CV-1193, 2022 WL 4482374, at *3 (S.D.N.Y. Sept. 27, 2022). Since this Court's review has been frustrated, the ALJ decision must be remanded. See *Damaris G. v. Saul*, No. 20-CV-0725L, 2021 WL 1429530, at *3 (W.D.N.Y. Apr. 15, 2021) ("ALJ's reasoning for rejecting some opined limitations and adopting others was not clear from the decision and the error was not harmless because the RFC was not substantially consistent with the opinions"); *see also Marcia R. v. Comm'r of Soc. Sec.*, No. 1:20-CV-1236, 2021 WL 2379640, at *6 (W.D.N.Y. June 10, 2021) ("Plaintiff's ability to regulate emotions and behavior than provided for in the RFC. Without further analysis from the ALJ providing explanation for adopting some limitations and rejecting others, meaningful review is frustrated.").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 8, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 10, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.
Dated:  June 15, 2023
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

5